WESTERN UNION TELEGRAPH CO. v. CULLERS & HENRY.

(No. 5274.)

APPEAL from Grayson County.    Opinion by HURT, J.

STEMMONS & FIELD, counsel for appellant.

J. W. FINLAY and G. W. PASCO, counsel for appellees.

§ 289.  *Telegraphic message; delivery of; facts held to constitute delivery.*  Appellees brought this suit against appellant to recover damages for delay in delivering a telegram sent by them to Ellis & Co. at Houston, Texas, ordering the shipment to appellees of a quantity of sugar. Appellees recovered judgment for damages.    It was proved that the telegram was sent from appellant's office in Sherman, Texas, on January 24, 1885, and was received at its Houston office on the same day    Appellant's messenger at Houston testified that he carried the telegram to appellees' place of business on the same day it was received at the Houston office; but, finding said place of business closed, he carried said telegram to the Capitol Hotel, where W. O. Ellis, the head of said firm of Ellis & Co., boarded, and said W. O. Ellis not being found, he delivered said telegram to the clerk of the said hotel, who receipted therefor.    He also testified that it had been customary thus to deliver telegrams for said Ellis & Co. under similar circumstances, and that to such custom Ellis & Co. had never made objection.    He also testified, without objection being made, that the hotel clerk informed him at the time he delivered said telegram that said W. O. Ellis was then a boarder at said hotel.    He testified further that for more than a year past he had been delivering telegrams for the firm to W. O. Ellis at his hotel when the firm's place of business was closed.    Appellant assigns that " the court erred in not holding that the delivery of the telegram to the clerk of the hotel, during the absence of Ellis from the city,

was a delivery to Ellis." *Held:* This assignment is well taken if appellant had express or implied authority to deliver telegrams for the firm of Ellis & Co. at W. O. Ellis' hotel, when the business place of said firm was closed. It is not claimed by appellant that it had such express authority, but that it did have such implied authority, arising from the course of dealing between the parties. Upon this question the testimony of W. O. Ellis is as follows: "No one connected with my firm ever authorized the telegraph company to deliver messages at the Capitol Hotel. I was not boarding at the Capitol Hotel on the day that said message is said to have been delivered there. My room was locked and I was absent from town." It will be observed that there is nothing in this testimony to contradict that of the messenger, that he had been accustomed for at least one year prior to the delivery of said telegram, to deliver telegrams for said Ellis & Co. at the hotel at which W. O. Ellis boarded. The inference from the testimony of Ellis is, that he was boarding at the Capitol Hotel and had a room there at the time the telegram was delivered, but that at that time he was absent from the city and did not consider that he was in fact a boarder at said hotel at that particular date. The reasonable construction of his testimony does not raise a conflict between it and the testimony of the messenger. We are of the opinion that the evidence shows implied authority on the part of appellant to deliver telegrams for Ellis & Co. as this one was delivered, and that the delivery of said telegram to the clerk at the hotel, was in law a delivery to Ellis & Co.

§ **290.** *Same; facts held to show diligence used in delivering telegram.* Furthermore, the facts proved show that appellant exercised the requisite diligence and care in performing its contract of transmission and delivery.

May 4, 1887.        Reversed and remanded.